7 F.3d 236
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonzo KEEL, Defendant-Appellant.
 No. 92-1513.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 1
 Before MARTIN and BOGGS, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 Lonzo Keel appeals his judgment of conviction to conspiracy to distribute cocaine entered following a jury trial, for which he received a sentence of three hundred and thirty months' imprisonment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On appeal, Keel argues that insufficient evidence exists to support his conviction. The standard of review used in determining sufficiency of the evidence to support a defendant's conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Lee, 991 F.2d 343, 347 (6th Cir.1993). To sustain a conviction under 21 U.S.C. § 846 for conspiracy to distribute, the government is required to prove that an agreement existed to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy. Id. at 348. The existence of a criminal conspiracy need not be proven by direct evidence, and a common plan may be inferred from circumstantial evidence. Id. Proof of a formal agreement among the conspirators is unnecessary; a tacit or mutual understanding among the parties is sufficient to show a conspiracy. Id.
 
 
 4
 We conclude that the trial testimony of several witnesses sufficiently supports Keel's conviction. Shaun Wigington testified that he and Keel pooled money on several occasions during 1991 for the purpose of purchasing crack cocaine. They purchased the crack from two different individuals, Antonio Johnson and someone named Montieth. After purchasing the cocaine, Wigington and Keel cut up and sold the product. Jerry Osborn testified that he purchased cocaine from Wigington while Keel was present in the same room. Michael Beasley testified that Keel sold him crack cocaine and that he would frequently bring additional customers to Keel, for which service Keel would provide him with additional cocaine. Police Officer Clyde Petrella witnessed a confidential informant purchasing cocaine from Keel during the summer of 1991. From this testimony, the jury could have concluded that Keel was aware of, participated in, and intended to further a conspiracy to possess and distribute cocaine.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation